ELLERY R. HUME, ADMINISTRATOR, APPELLANT, V. SOREN T. PETERSON, APPELLEE.

FILED APRIL 20, 1912.   No. 16,875.

1. **Judgment: REVIVOR: PLEA OF PAYMENT: REVIEW.** If a judgment debtor, in an action to revive the judgment in the name of the administrator of the deceased judgment plaintiff, answers that the judgment has been paid and satisfied, and, without objection to the answer, the issue so joined is tried by the parties, it will be too late to object in this court upon appeal that, the judgment not being dormant, such answer constituted no defense.

2. Garnishment: EFFECT OF PAYMENT BY GARNISHEE. If a judgment debtor, as garnishee in a suit against the owner of the judgment, is ordered to pay the amount of the judgment into court to be applied upon the claim of the plaintiff in attachment, and afterwards a judgment is entered in favor of the attachment creditor, and the original judgment debtor is again ordered upon garnishment after judgment to make such payment into court, and in good faith makes payment pursuant to said respective orders, such payment will satisfy the original judgment, although it should afterwards appear that the court was without jurisdiction to enter a personal judgment in favor of the attachment creditor and against the owner of the original judgment.

3. Attorney and Client: LIEN: PAYMENT: BURDEN OF PROOF. If a judgment debtor pays an attorney the amount of his claim of lien upon the judgment without the knowledge and consent of the owner of the judgment, and knowing that the attorney no longer represents such owner, the burden is upon the judgment debtor, in an action between himself and the owner of the judgment, to prove the validity of the lien and that the attorney was entitled to the money so paid thereon.

APPEAL from the district court for Douglas county: WILIAM A. REDICK, JUDGE. *Affirmed.*

*Leavitt & Hotz,* for appellant.

*J. O. Detweiler, contra.*

SEDGWICK, J.

About 20 years ago Francis E. Reisdorph began an action in the district court for Douglas county against this defendant, Soren T. Peterson, and afterwards recovered a judgment therein. In July, 1902, Mr. Reisdorph died, and an order was made by the probate court appointing the Continental Trust Company as administrator of the estate. That company began proceedings in the district court for Douglas county to revive the judgment in the name of the administrator. Upon appeal to this court the proceedings were dismissed. *Continental Trust Co. v. Peterson,* 76 Neb. 411. Afterwards this plaintiff, Ellery R. Hume, was appointed administrator of

the estate, and began these proceedings in the district court for Douglas county to revive the judgment in his name as such administrator. Mr. Peterson answered, and alleged that the judgment had been fully satisfied. The court found that the principal part of the judgment had been paid, and that the balance due thereon was $172.60, with interest from the 4th day of October, 1909, and taxed the costs of the proceedings against the defendant. From this finding and judgment both parties have appealed to this court.

One David Van Etten, who was then an attorney at law practicing in Douglas county, represented Mr. Reisdorph, as such attorney, in procuring the said judgment, and afterwards, Mr. Reisdorph having become a nonresident of the state, and the said Van Etten having filed several attorney's liens against the said judgment, which remained unsatisfied, the said Van Etten began an action in the district court for Douglas county against Mr. Reisdorph to recover his fees represented in the said liens, and other alleged claims. In this action he filed an affidavit for attachment, and procured an order of attachment and garnishment process to be issued against this defendant as a debtor of Reisdorph upon the said judgment. Such proceedings were afterwards had in the attachment that on the 18th of November, 1897, an order was entered against this defendant as garnishee to pay into court the "sum of $1,500, except $202.34 paid in 1896, with interest from February 6, 1893, at 7 per cent. per annum."

A judgment was entered in favor of the plaintiff in the case of Van Etten v. Reisdorph on December 16, 1897, for $1,515.38, and in 1902, after the death of Reisdorph, Van Etten filed an affidavit and obtained an order of garnishment against this defendant, and on November 18, 1902, the court entered an order that this defendant "as garnishee herein after judgment pay into court the sum of $2,060.77, and $50 probable costs, for the benefit of Van Etten, as plaintiff and judgment creditor, and the same

when paid to be credited in the case of Reisdorph v. Peterson." Afterwards, in August, 1903, Van Etten filed a receipt acknowledging payment by this defendant of $2,185.10 in full of his judgment. The receipt recited that the costs be paid by this defendant, and the defendant presented receipt for costs paid by him. This payment by the defendant Peterson was allowed by the court as payment upon the principal judgment, and this raises the principal question presented upon this appeal.

1. The first objection is that, the judgment not being dormant, and the action being to revive in the name of the administrator, the court could not in such proceeding consider the defense of payment and satisfaction of the judgment. Section 472 of the code provides: "If either or both the parties die after judgment, and before satisfaction thereof, their representatives, real or personal, or both, as the case may require, may be made parties to the same, in the same manner as is prescribed for reviving actions before judgment." We cannot find from the abstract that any objection was made to the answer of this defendant to the conditional order of revivor; it appears rather that the parties went to trial upon the issues so presented, and after this extended litigation they ought to abide by the issues which they have presented which have been fully tried and determined by the court.

2. Some objections are made to the preliminary proceedings in obtaining the attachment and garnishment in the suit of Van Etten v. Reisdorph, but these objections are not much discussed, and, so far as we have observed from the abstract, the petition, the affidavit and the service by publication were sufficiently regular to give the court jurisdiction of the garnishee.

It is objected that the judgment obtained by Mr. Van Etten against Reisdorph is void for want of service upon Reisdorph, it being insisted that Mr. Reisdorph as defendant in that action made no appearance therein. We find in the abstract a paper purporting to be the answer of Mr. Reisdorph which was filed in that action upon the

proper answer day therein.  It is objected that this is a
forgery, and there is evidence in the abstract strongly
tending to show that, while the signature upon this paper
is the signature of Mr. Reisdorph, it was placed by him
in an unusual position upon a blank sheet of note paper
upon which was afterwards written over his signature
what purports to be a general denial in the action then
pending.  There is, however, no explanation in the record
as to how Mr. Reisdorph's signature to this paper was
obtained or in any way explaining the peculiar circum-
stances of the filing of this answer.  We think, however,
that this objection does not necessarily affect the merits
of this controversy, nor is it material that no execution
was issued upon the judgment obtained by Van Etten
against Mr. Reisdorph until after the death of the latter,
nor that subsequent garnishment proceedings upon the
judgment of Van Etten v. Reisdorph were instituted after
Mr. Reisdorph's death.  It appears that, by the original
proceedings in attachment and garnishment which were
had in 1897, the district court obtained jurisdiction of the
subject matter of the indebtedness of this defendant upon
the judgment in favor of Reisdorph, and that, in pursu-
ance of those proceedings, this defendant was ordered to
pay the amount of that judgment into court to be applied
upon Mr. Van Etten's claim.  The court having jurisdic-
tion of the subject matter, this order, when collaterally
attacked, sufficiently protected the defendant in paying
the money pursuant thereto, although such payment was
for so long time delayed.  After Mr. Reisdorph had
placed his signature upon the paper which was afterwards
filed as his answer, and upon which the court was led to
rely as his answer in the case, he still neglected for sev-
eral years to give any further attention to the matter,
and his administrator is now asking for redress, not
against the parties who may have deceived and wronged
him, but against this defendant who has made payment
upon the original judgment relying upon the record and
upon the orders of the court.  Of course, if this alleged

answer is a forgery and was never authorized, directly
or indirectly, by Mr. Reisdorph, the judgment, so far as it
attempted to fix the liability of Mr. Reisdorph in favor of
Van Etten, would be without jurisdiction; but this does
not affect the jurisdiction of the subject matter of the
action, and does not invalidate the order of the court
made at the institution of the attachment proceedings,
which were never questioned by Mr. Reisdorph, although
made more than five years before his death. We think
the court did right in allowing this payment by Mr. Peter-
son as a payment upon the original judgment.

3. The defendant upon his appeal insists that he should
have been allowed upon this judgment costs which he
paid in the original garnishment proceedings; and certain
claims of Van Etten which he paid that were not included
in the order of the court in the garnishment proceedings.
He insists that these items were liens upon the original
judgment in favor of Van Etten, as Reisdorph's attor-
ney; but the evidence in the abstract, so far as we have
been able to ascertain, does not support these claims.
Van Etten included his attorney's liens in his attachment
proceedings, and the evidence does not establish that he
had other liens upon the judgment that were not allowed
and satisfied by those proceedings. The evidence, as
shown by the abstract, is somewhat disconnected and un-
satisfactory, and we cannot ascertain therefrom that the
findings of the district court were so clearly wrong as to
require a reversal.

The judgment of the district court is

AFFIRMED.