MERLE & HEANEY MANUFACTURING COMPANY V. W. A. WALLACE ET AL.

FILED JUNE 16, 1896. No. 6716.

Opening Judgment: FINAL ORDER: REVIEW. There cannot be a review of an order of the district court opening a judgment and permitting an answer to be filed in the case until there has been a further order or judgment in its nature final.

ERROR from the district court of Douglas county. Tried below before FERGUSON, J.

*L. D. Holmes* and *Wharton & Baird,* for plaintiff in error.

*McCabe, Wood & Elmer, contra.*

RYAN, C.

There was originally a judgment rendered by the district court of Douglas county in favor of plaintiff against the defendants upon a promissory note made by defendants to plaintiff. In this note there was a power of attorney authorizing any attorney at law to appear and to confess judgment. There was an appearance and answer by an attorney for the defendants, whereby was confessed plaintiff's cause of action as alleged and its right to a recovery as prayed. This attorney had no other authority than was conferred by the provisions of the note, and therefore this judgment was at the same term it was rendered set aside on motion of the defendants, who were given thirty days within which to answer. These proceedings in error are brought to reverse this order.

It is provided by section 582 of the Code of Civil Procedure that "A judgment rendered or final order made by the district court may be reversed, vacated, or modified by the supreme court for errors appearing on the record." In the section immediately preceding that above quoted is the following language: "An order affecting a sub-

stantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, is a final order, which may be vacated, modified, or reversed, as provided in this title." In *Smith v. Sahler*, 1 Neb., 310, it was held that an order is final only when no further action is required to dispose of the cause pending, but when the cause is retained for further action the order is interlocutory. The same rule, under various circumstances, has been enforced in *Scofield v. State Nat. Bank of Lincoln*, 8 Neb., 16, *Shedenhelm v. Shedenhelm*, 21 Neb., 387, and numerous authorities cited, as well as in *School District v. Cooper*, 29 Neb., 433, *Clark v. Fitch*, 32 Neb., 511, *Brown v. Edwards & McCullough Lumber Co.*, 44 Neb., 361, *Bartram v. Sherman*, 46 Neb., 713, and *Johnson v. Parrotte*, 46 Neb., 51. There being no final judgment or final order in this case, the petition in error is

DISMISSED.