CONTINENTAL TRUST COMPANY, ADMINISTRATOR, APPELLANT, V. SOREN T. PETERSON, APPELLEE.*

FILED APRIL 18, 1906. No. 14,475.

1. Interlocutory Order: APPEAL. An order setting aside a judgment under the provisions of section 602 of the code is an interlocutory and not a final order, and cannot be reviewed by this court on appeal.

2. Corporation as Administrator. A corporation cannot act as an administrator of the estate of a deceased person under the laws of this state.

APPEAL from the district court for Douglas county: ABRAHAM L. SUTTON, JUDGE. *Dismissed.*

H. P. Leavitt, for appellant.

J. O. Detweiler, contra.

OLDHAM, C.

On February 16, 1893, Francis E. Reisdorph procured a judgment in the district court for Douglas county against Soren T. Peterson, appellee in the present cause of action, for the sum of $1,500. The case was taken to this court on error proceeding, and the judgment of the district court was affirmed on December 23, 1896. Thereupon, David Van Etten, who was of counsel for plaintiff Reisdorph, filed an attorney's lien upon the judgment for the sum of $1,150. Reisdorph, the judgment plaintiff, had removed from the state of Nebraska to the territory of Oklahoma

---

* Rehearing allowed. See opinion, p. 417, *post.*

before his judgment was affirmed by this court. On February 12, 1897, Van Etten filed his petition in the district court for Douglas county against Reisdorph, asking judgment for the amount of his lien and interest. With this petition he filed an affidavit for an order of attachment on the ground of nonresidence, and attempted to procure service by publication on defendant Reisdorph, and also had a summons in garnishment served on appellee Peterson, the judgment debtor. An answer was filed in this suit for, and signed by, Francis E. Reisdorph, and attorney Van Etten took judgment for the amount of his claim and interest. Here the matter rested for some time. On July 1, 1902, Francis E. Reisdorph departed this life in the territory of Oklahoma. On Septembr 15, 1902, Van Etten caused an execution to issue on his judgment against Reisdorph, which was returned unsatisfied. On September 19, 1902, he filed an affidavit for garnishment in aid of execution and had summons served on appellee Peterson, as garnishee. Peterson answered, suggesting the death of Reisdorph and denying the validity of the garnishment proceedings. Judgment was rendered, however, against the garnishee, and he was adjudged to pay into court the sum of $2,060.77, and certain costs. Thereafter, an execution was issued on this judgment and levied on certain property of appellee Peterson. Pending objections to a confirmation of the sale of the property so levied upon, Peterson settled the judgment with Van Etten and received a receipt for the full amount of the judgment. On July 16, 1904, the Continental Trust Company, appellant herein, filed a motion for a revivor of the judgment of Reisdorph against Peterson, alleging that it had been appointed administrator of the estate of Francis E. Reisdorph, deceased, by the county court of Douglas county, Nebraska, and that no part of the judgment had ever been paid. On this motion an order was entered reviving the judgment, unless Peterson should show cause to the contrary before August 15, 1904; and it was directed that notice of the motion and conditional order of revivor be served upon Peterson. The

sheriff of Douglas county served the notice of this motion and conditional order of revivor personally on Peterson, who, however, failed to appear on the 15th of August, when the order was made final. Thereafter, an execution was issued on the judgment and levied on the real estate of the appellee Peterson. On November 26, 1904, at a succeeding term of the district court, appellee Peterson filed a motion to have the execution, which was issued on the order of revivor, recalled, and to set aside the final order of revivor and to have an accounting. This motion was sustained in so far as to set aside that part of the order of revivor that attempted to find that the garnishment proceeding against Peterson was null and void and of no effect, and that he was entitled to no credit on the judgment for the money he had paid to Van Etten. The execution was recalled, and Peterson was given permission to answer in the revivor proceedings. From this order the Continental Trust Company has appealed to this court.

The various contentions urged under this most peculiarly complicated record may be summarized as follows: Appellant contends that its right to sue as an administrator is not subject to collateral attack; that the order of revivor was a final order, which could not be set aside or modified on motion after the term; that the answer alleged to have been filed by Reisdorph in the suit against him by Van Etten in the attachment proceeding was a forgery, and that the garnishment proceeding based on this judgment was a nullity and constituted no defense as a payment of the Reisdorph judgment.

On the contrary appellee contends that the plaintiff below, being a corporation, could not, under the laws of this state, be appointed as administrator of the estate of Reisdorph, and that the order of the county court making this appointment was *coram non judice* and conferred no right on plaintiff to maintain the action, and that the order of the district court setting aside and modifying its former judgment in the revivor proceeding, which order was appealed from, was properly entered under subdivision 3

of section 602 of the code, and that the order was inter-locutory and not final in its nature. He further denies that the answer filed by Reisdorph was a forgery, and contends that, even if the garnishment proceeding in aid of the execution on the judgment was irregular, Peterson is subrogated by his payment of the judgment to Van Etten to all the rights Van Etten would have had against the estate, and that, in any event, he is entitled to whatever lien Van Etten had against the judgment for attorney's fees, and that this lien attached to and inured in the judgment from the date of its filing, and that the judgment can now only be revived subject to this lien.

At the threshold of a discussion of the varied questions involved in the controversy we are confronted by the proposition that the order of the court setting aside its former judgment under the provisions of section 602 of the code has been held by this court in numerous recent cases to be a mere interlocutory order, and not subject to review on appeal or error in this court. *Rose v. Dempster Mill Mfg. Co.*, 69 Neb. 27; *Browne v. Croft*, 3 Neb. (Unof.) 133; *Merle & Heaney Mfg. Co. v. Wallace*, 48 Neb. 886.

For this reason alone we might dismiss this appeal and leave some other vexatious questions involved in the case for a subsequent review, if the case should reach this court again. But, as a dismissal of the appeal would leave the cause on the docket of the district court for Douglas county for further proceedings on the action to revive the judgment, we think it not improper to determine at this time at least one of the issues that contending counsel have urged with ability and zeal. It is necessary for the future conduct of the case to determine whether or not, under the laws of this state, a corporation can be appointed administrator of the estate of a deceased person. At common law a corporation could not act as an executor or administrator for the reason, given by Blackstone, that "it cannot take an oath for the due execution of the office." 1 Blackstone's Commentaries (Chitty's ed.), p. *447. It is true that in many of the American states the right of a corpora-

tion to act as an executor or administrator has been conferred by statute, and where so conferred its right has been upheld. *Killingsworth v. Portland Trust Co.*, 18 Or. 351; *Minnesota L. & T. Co. v. Beebe*, 40 Minn. 7. All the cases, however, which have been called to our attention, in which the right has been upheld, were based on statutory authority in the jurisdiction in which the administrator or executor was appointed. Our statute, section 178, ch. 23, Comp. St. 1905, is as follows: "Administration of the estate of a person dying intestate shall be granted to some one or more of the persons hereinafter mentioned, and they shall be respectively entitled to the same in the following order: *First.* The widow, or next of kin, or both, as the judge of probate may think proper, or such person as the widow or next of kin may request to have appointed, if suitable and competent to discharge the trust. *Second.* If the widow, or next of kin, or the person selected by them shall be unsuitable or incompetent, or if the widow or next of kin shall neglect, for thirty days after the death of the intestate, to apply for administration, or request that administration be granted to some other person, the same may be granted to one or more of the principal creditors, if any such are competent and willing to take it. *Third.* If there be no such creditor competent and willing to take administration, the same may be committed to such other person or persons as the judge of probate may think proper." We cannot doubt that the *persons* named in this section of the statute, who might, under different conditions, be appointed as administrators, were intended by the framers of this act to be real and not artificial persons. It is required by section 196 of this same chapter that an administrator must return under oath within three months a true inventory of the estate. Section 282 requires an administrator to enter an account of his doings in the estate and "that such account shall have annexed thereto the oath of the executor or administrator." There are numerous other duties required of an administrator under the decedent act that could not, in their very nature, be

performed by other than a natural person. The text-writers on executors and administrators generally agree that, in the absence of a statute authorizing such action, a corporation cannot act in such capacity. *Fidelity I., T. & S. D. Co. v. Niven,* 5 Houst. (Del.) 163; *President and Directors of Georgetown College v. Browne,* 34 Md. 450; *In re Thompson's Estate,* 33 Barb. (N. Y.) 334.

It is urged, however, by counsel for the appellant, that the appointment of plaintiff below, even if irregular, is not subject to collateral attack, and we are cited in support of this contention to our recent decision in the case of *Larson v. Union P. R. Co.,* 70 Neb. 261. In this latter case, the question arose as to whether or not the administrator ap-appointed was the next of kin to the deceased and the court held, in a well prepared opinion by ALBERT, C., that, the county court having acted within its jurisdiction in making the appointment, its judgment could not be called in question in a collateral proceeding. This authority would dispose of the question, if there were any classes of corporations that might be appointed administrators under the laws of this state, because then the county court would be acting within the limits of its jurisdiction, and its judgment would be proof against a collateral assault. But, in our view of the case, no such authority is conferred by the statute, and, as the county court is one whose authority is bounded by the four corners of the statute, whenever it travels beyond these limits, its acts are a mere nullity. We therefore conclude that the attempted appointment of the corporation as administrator was a mere nullity and conferred no right on the appellant to maintain this action.

We therefore recommend that the appeal be dismissed.

AMES and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the appeal is

DISMISSED.

The following opinion on rehearing was filed November. 22, 1906. *Former opinion, as modified, adhered to:*

1. **Final Order:** Review. An order to be final and reviewable on error or appeal must dispose of the merits of the case, and leave nothing for the further judicial determination of the court.

2. **Corporation as Administrator:** Collateral Attack. The appointment of a corporation as executor or administrator is not contemplated or authorized by the laws of this state, but whether such appointment can be collaterally attacked is not determined.

3. Former opinion herein, *ante*, p. 411, as modified, adhered to.

Barnes, J.

This case is before us on a rehearing. Our former opinion, *ante*, p. 411, contains a full statement of the facts involved in this controversy. It was there held that the order or judgment appealed from was not final in its nature, and the appeal was therefore dismissed. It was further held that an order appointing a corporation administrator of the estate of the deceased plaintiff was void.

It is now contended by the appellant that the order in question was a final order or judgment, such as would support an appeal to this court. For a proper understanding of this question, it is necessary to state that at the May term, 1904, of the district court for Douglas county an order of revivor of a judgment, which had theretofore been rendered, was made in this case. It appears that the order not only revived the judgment, but also assumed to set aside and nullify a judgment of the district court in another and independent case, wherein the original attorney for the plaintiff in this action obtained part payment of the judgment herein by attachment and garnishment proceedings. After the order of revivor was made, an execution was issued and levied on the property of the appellee. Thereupon, at the October term, 1904, of said court, an application was made by the appellee, under the provisions of section 602 of the code, to, first, recall the execution issued on said order of revivor; second, to indefinitely postpone

30

the sale of the property levied on thereunder; third, to modify the order of revivor, and that all of that portion of said order be vacated which in any manner affected the validity of the proceedings of the court in the other or independent case, known as docket 59, No. 103; and, fourth, for an accounting in the case, and for an order that the judgment so revived be declared fully paid, canceled and ordered satisfied of record. It appears from the transcript that, upon a full hearing of this application, the motion was sustained as to the first, second and third grounds thereof. This is the order appealed from, and as to this order and its final effect upon the judgment there has been no final determination in the district court. It appears that the judgment stands revived and the attempted appeal is from the order opening up the question of the effect of the garnishment proceedings and that question has not been finally determined by the district court. We think the universal rule of this court is that, where there is anything left for the district court to determine in order to dispose of the substantial rights of the parties to an action, its judgments or orders are not final, and an appeal therefrom to this court cannot be maintained. In *Merle & Heaney Mfg. Co. v. Wallace*, 48 Neb. 886, it was said: "There cannot be a review of an order of the district court opening a judgment and permitting an answer to be filed in the case until there has been a further order or judgment in its nature final."

In *Smith v. Sahler*, 1 Neb. 310, it was held: "When no further action of the court is required to dispose of the cause pending, it is final; when the cause is retained for further action, as in this case, it is interlocutory."

In *Bertram v. Sherman*, 46 Neb. 713, it is said: "An order to be final and reviewable on error or appeal must dispose of the merits of the case and leave nothing for the further judicial determination of the court."

In *Rose v. Dempster Mill Mfg. Co.*, 69 Neb. 27, it was held: "An order setting aside a judgment or decree, fixing the time for filing pleadings and setting the cause down

for a new trial, under section 602 of the code, is not a final order from which appeal or error will lie before trial and a final judgment."

Practically the same rule has been announced in *School District v. Cooper*, 29 Neb. 433; *Clark v. Fitch*, 32 Neb. 511; *Browne v. Edwards & McCullough Lumber Co.*, 44 Neb. 316, and other cases decided by this court, too numerous to mention. It seems clear that the case at bar falls within this rule. As the record stands, it appears that an order of revivor has been entered in the district court for Douglas county; that so much of the order as purported to fix the amount due on the judgment sought to be revived has been set aside; and the defendant therein, the appellee herein, has been allowed to file an answer or showing, and thus contest the amount due thereon. That question is still pending and undetermined in the district court for Douglas county, and, until that matter has been disposed of and the rights of the parties finally judicially determined, appeal or error cannot be prosecuted to this court. We are aware that cases may be found which seem to announce a contrary doctrine, but upon an examination it will be seen that they are cases where the order complained of had the force and effect of finally disposing of the matters in litigation. For instance, it is settled beyond question that error or appeal may be prosecuted from an order of the district court, refusing to set aside its former judgment and allow a defendant to answer and defend, because such an order or judgment disposes of the case and finally determines the rights of the defendant. So while, as stated, there is a seeming conflict in the authorities, yet as a matter of fact they can easily be distinguished and no conflict really exists.

As to the second question above stated, it was said by the learned commissioner who wrote our former opinion that its decision was unnecessary for a proper disposition of the case, but, as a guide to the manner of conducting the future litigation, it was stated that, under the laws of this state, a corporation cannot be appointed administrator of

the estate of a deceased person, and that such an appointment can be collaterally assailed. We are satisfied with the former conclusion that the appointment of a corporation as executor or administrator is not contemplated or authorized by the laws of this state, but we find that the question whether such appointment can be collaterally attacked was not raised and insisted upon in the lower court, and we do not find it necessary to determine that question.

As stated above, the record in this case shows that the original judgment stands revived, but the question of the amount due thereon is still pending in the district court for Douglas county for final adjudication. When that matter has been judicially determined, and all the questions in litigation are thus disposed of, the appellant, if dissatisfied with the amount found due on the judgment, or if it shall be determined that the judgment has been in fact paid, may then appeal to this court and have all of the questions contained in the record reviewed, including the order now complained of.

For the foregoing reasons, we approve of the conclusion announced in our former opinion, and that opinion, as modified herein, is adhered to.

JUDGMENT ACCORDINGLY.