CLARENCE R. OTTEMAN, APPELLEE, v. THE INTERSTATE FIRE AND CASUALTY COMPANY, INC., A CORPORATION, APPELLANT.

105 N. W. 2d 583

Filed November 4, 1960. No. 34925.

*William G. Line,* for appellant.

*Spear, Lamme & Simmons,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action at law wherein Clarence R. Otteman is plaintiff and appellee and The Interstate Fire and Casualty Company, Inc., a corporation, is defendant and appellant. The action was commenced in the district court for Dodge County, Nebraska. In the action a petition was filed and in due course an answer was filed as was also a reply. For reasons which will become apparent necessity does not arise to set forth the character of the pleaded cause of action or the defense thereto.

After the issues were made up each party submitted to the other interrogatories. Answers were in due course made. Thereafter the defendant made request for admissions. There was a due response by the plaintiff to this request.

Following these steps the defendant filed a motion for a summary judgment. The motion for summary

judgment was sustained on July 7, 1960, and by judgment of the district court the petition of plaintiff was dismissed.

On July 14, 1960, the plaintiff filed a motion denominated motion for new trial. This motion was sustained on September 10, 1960. From the order sustaining the motion the defendant appealed. The plaintiff filed in this court a motion to dismiss the appeal. The ground of the motion is that the order vacating the summary judgment and granting a trial is not an order or judgment from which an appeal may be taken. This is the only question before this court at this time.

The motion to dismiss the appeal has been presented on memorandum briefs. From these briefs it appears, although there is nothing therein directly so stating, that the rendition of the summary judgment and the vacation thereof occurred within the same term of court. For the purposes of this opinion it will be assumed that this was true.

In the light of this assumption it becomes necessary to determine first whether or not the order vacating the judgment was a final order within the meaning of section 25-1902, R. R. S. 1943. If it was not then necessity will arise to determine whether or not it was appealable under section 25-1315.03, R. R. S. 1943.

A final order within the meaning of section 25-1902, R. R. S. 1943, is one which determines the action and prevents a judgment; one which affects a substantial right in a special proceeding; or one which is made on a summary application in an action after judgment.

Section 25-1315.03, R. R. S. 1943, contains an exception to the general rule applicable under section 25-1902, R. R. S. 1943, that appeals may be taken only from final orders. This section provides in part the following: "An order entering judgment, as provided in section 25-1315.02, or granting or denying a new trial, is an appealable order." For the purposes of this case

the concern is with the question of the right to appeal from an order granting a new trial.

If this was a final order within the meaning of section 25-1902, R. R. S. 1943, it follows of course that the order was appealable.

It is clear that the order was not one made on a summary application after judgment. It is also clear that it did not directly or in effect determine the action and prevent a judgment. It affirmatively left the action open for trial and judgment.

There can be little doubt that the summary judgment process as defined by statute is a special proceeding. That was so pointed out in Healy v. Metropolitan Utilities Dist., 158 Neb. 151, 62 N. W. 2d 543. In that case it was said: "A motion for a summary judgment is not a substitute for a motion to dismiss, a demurrer, or a judgment on the pleadings. It is a new procedure which may be used in certain cases where other procedural steps are not effective."

The process involved avoids the weighing of evidence and requires the determination to be based upon the sole question of whether or not there is any genuine issue of fact. Section 25-1332, R. R. S. 1943, defines it as follows: "* * * The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Based on reason however it may not well be said that what was done here affected a substantial right. What was done here preserved the right to a trial under orderly legal processes, a right which had been denied by the summary judgment. No substantial right basic in the subject matter of the action as presented by the pleadings was in anywise affected by the vacation of the summary judgment.

This court has held that an order is final only when

no further action is required to dispose of the cause pending, but when the cause is retained for further action the order is interlocutory. Merle & Heaney Mfg. Co. v. Wallace, 48 Neb. 886, 67 N. W. 883; Continental Trust Co. v. Peterson, 76 Neb. 411, 107 N. W. 786, on rehearing, 76 Neb. 417, 110 N. W. 316; Wunrath v. Peoples Furniture & Carpet Co., 98 Neb. 342, 152 N. W. 736; Barry v. Wolf, 148 Neb. 27, 26 N. W. 2d 303; Miller v. Schlereth, 151 Neb. 33, 36 N. W. 2d 497; Koehn v. Union Fire Ins. Co., 151 Neb. 859, 39 N. W. 2d 808; Harkness v. Central Nebraska Public Power & Irr. Dist., 154 Neb. 463, 48 N. W. 2d 385.

From an examination of section 25-1902, R. R. S. 1943, and these cases the conclusion is inescapable that by the section the previously declared interlocutory character of an order sustaining a motion for new trial has not been disturbed. It has remained the same.

The order of concern here was interlocutory and not final and was not appealable under the procedure applicable under section 25-1902, R. R. S. 1943.

At the 1955 session the Legislature enacted what is now section 25-1315.03, R. R. S. 1943. It was amendatory of a provision enacted in 1947. For present purposes it may be said that the portion of the provision of concern here actually came into being in 1947 and has since that time been in force and effect. This provision was in nowise declaratory of an intent to change the character of an order sustaining a motion for new trial as defined by this court from an interlocutory to a final order, although it did make such an order appealable. Such an order retained its character as an interlocutory order. All that the statute did was to grant the right of appeal from such an interlocutory order.

It follows that unless the proceedings which lead to a summary judgment and the rendition of such a judgment must be regarded as a trial the order vacating

the judgment and in terms granting a new trial did not afford a right of appeal.

A trial, as generally defined, is: "The examination before a competent tribunal, according to the law of the land, of the facts or law put in issue in a cause, for the purpose of determining such issue." Black's Law Dictionary (3d Ed.), p. 1754. See, also, Marsch v. Southern New England R. R. Corp., 235 Mass. 304, 126 N. E. 519.

This court has not said in specific terms that the summary judgment does not amount to a trial. It has declared however that it does not amount to a formal trial. In Healy v. Metropolitan Utilities Dist., *supra*, the court in addressing itself to this subject said: "But the purpose of the rule does not include the depriving of a litigant of a formal trial where there is a genuine issue of fact to be determined."

Section 25-1333, R. R. S. 1943, contains language from which it appears that the Legislature in the enactment of the summary judgment act attempted to and at least inferentially did distinguish the summary judgment process from a trial. This section is as follows:

"If on motion under sections 25-1330 to 25-1336 judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly."

It is observable that the section twice by inference

indicates that the portion of the action which may be disposed of by summary action is not done so by a trial and twice declares specifically that the portion which may not be so disposed of must be submitted at a trial.

In the light of this the conclusion reached is that an exercise of the process prescribed by the summary judgment act is not a trial within the meaning of that term and a judgment in favor of a movant is not one rendered as the result of a trial.

A new trial does not involve an original examination of issues of fact, but only re-examination. This is declared by section 25-1142, R. R. S. 1943, in the following language: "A 'new trial' is a re-examination in the same court of an issue of fact after a verdict by a jury, report of a referee, or a decision by the court. * * *."

There having never been a trial an order vacating a judgment and allowing for the first time a trial on the issues in the action cannot be regarded as the granting of a new trial.

Up to this point the rights of the parties have been considered on the basis of whether or not the order in question was one granting a new trial. It all related to the language of the motion and of the order employing that terminology. As was said there was not in that sense an order granting a new trial. There is however another basis on which it must be said the order was not appealable.

The plaintiff substantially contends that although the motion was denominated "MOTION FOR NEW TRIAL" it was by its declaration one requesting the court to, within the term, vacate the summary judgment. The motion is by its primary terms for an order vacating the judgment. The order primarily vacates the judgment. The order was rendered within the term.

The court had inherent power to vacate its judgment within the term. In County of Scotts Bluff v. Bristol, 159 Neb. 634, 68 N. W. 2d 197, it was said: "A court of

general jurisdiction has inherent power to vacate an adjudication made by it in a civil case at any time during the term of court in which it was made." The defendant does not dispute this. In truth, this case is cited and the principle stated with approval by the defendant in its memorandum briefs. The fact that a misnomer may have been applied to certain relief which was granted to plaintiff if, as was true here, the relief sought and granted was sufficiently described and defined in the motion and the order granting the relief could be of no controlling consequence. Mere nomenclature or semantics will not be allowed to supersede a clear and substantial declaration of intent and purpose. Attention has not been called to any statute or any decisions which would permit an appeal from an order entered pursuant to this rule, except in the instance of an order granting in a true sense a new trial, or an order upon a motion to set aside a judgment notwithstanding the verdict, the effect of which would be to grant a new trial. As pointed out in this instance a new trial was not granted.

The order vacating and setting aside the summary judgment in favor of the defendant and against the plaintiff was not an appealable order and in this light the motion to dismiss the appeal of the defendant from that order should be and is sustained.

MOTION TO DISMISS APPEAL SUSTAINED.