CAROL HART, A MINOR BY HER FATHER AND NEXT FRIEND, IVAN HART, APPELLEE, v. R. B. RONSPIES, APPELLANT.

146 N. W. 2d 795

Filed December 2, 1966. No. 36502.

Deutsch & Hagen, for appellant.

Brogan & Monen, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, and McCOWN, JJ., and BOYLES, District Judge.

SMITH, J.

The district court rendered a summary judgment for plaintiff on the issue of defendant's negligence. It reserved for trial, however, issues of contributory negligence under the comparative negligence statute, proximate cause, and damages. Defendant has appealed, but plaintiff challenges appealability.

There is no jurisdiction unless the judgment affected a substantial right. See, § 25-1902, R. R. S. 1943; Otte-

man v. Interstate Fire & Cas. Co., Inc., 171 Neb. 148, 105 N. W. 2d 583. The district court possesses authority to render a summary judgment, interlocutory in character, on the issue of liability alone although there is a genuine issue of damages. See § 25-1332, R. R. S. 1943. Such a judgment is simply an interlocutory summary adjudication. If a case is not fully adjudicated on motion, a hearing analogous to a pretrial conference for formulation of issues may be held. At the hearing the court may specify the facts that appear without substantial controversy, and such facts are established for the trial. See, § 25-1333, R. R. S. 1943; Maybury v. City of Seattle, 53 Wash. 2d 716, 336 P. 2d 878; 6 Moore's Federal Practice (2d ed.), § 56.20 [3.-2], p. 2751.

If there were no provision for appeal from an order affecting a substantial right made in a special proceeding, a litigant frequently would have an inadequate remedy. We think that the appeal provision was designed chiefly to prevent such a situation. See, Clarke v. Nebraska Nat. Bank, 49 Neb. 800, 69 N. W. 104; Turpin v. Coates, 12 Neb. 321, 11 N. W. 300. That purpose is compatible with the interlocutory summary adjudication which prevents vexatious delay in the trial process.

Ordinary burdens of trial do not affect a substantial right, and the remedy by appeal after a trial and a final judgment is adequate in the present case. See, Rehn v. Bingaman, 157 Neb. 467, 59 N. W. 2d 614; Audi Vision, Inc. v. RCA Mfg. Co., Inc., 136 F. 2d 621, 147 A. L. R. 574; Maybury v. City of Seattle, *supra*. The appeal is therefore dismissed.

APPEAL DISMISSED.