CHARLES E. GRANTHAM AND THEORA GRANTHAM, HUSBAND
AND WIFE, APPELLANTS, V. GENERAL TELEPHONE COMPANY
OF THE MIDWEST, A CORPORATION, ET AL., APPELLEES.
193 N. W. 2d 449

Filed January 7, 1972. No. 37961.

Ginsburg, Rosenberg, Ginsburg & Krivosha, for appellants.

Ross & Schroeder, Luebs, Tracy, Huebner & Dowding, and Tye, Worlock, Tye, Jacobsen & Orr, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SMITH, J.

Plaintiffs alleged that defendants in constructing a building next to plaintiffs' existing building caused plaintiffs physical damage and loss of business profits. Defendants answered that plaintiffs had agreed at least to a method of fixing the physical damage. They also moved for summary judgments on general statutory grounds.

The district court sustained the motions for summary judgments on the issue of physical damage. On the issue of lost profits, however, the court overruled the motions. The journal order stated that liability on the latter issue remained a jury question as to all defendants. Plaintiffs attempted to lodge an appeal in this court.

On our own motion and after argument we examine appealability of the order. Our jurisdiction over appeals from district court is based on final judgments or orders. A final order is one (1) affecting a substantial right in an action, when it in effect determines the action and prevents judgment, or (2) affecting a substantial right in a special proceeding or upon summary application in an action after judgment. A judgment is the final determination of the rights of the parties in an action. Unless the context is shown to intend otherwise, "action" includes any proceeding in a court. See, Art. V, § 2, Constitution of Nebraska; §§ 25-1301(1), 25-1902, 25-1911, and 49-801(2), R. R. S. 1943.

Ordinary burdens of trial are insufficient for us to classify an otherwise interlocutory or partial summary judgment with orders that affect substantial rights. Hart v. Ronspies, 181 Neb. 38, 146 N. W. 2d 795 (1966); cf. 6 Moore's Federal Practice (2d Ed., 1971), §§ 56.20(3.-0), 56.20(3.-2), 56.20(4), and 56.21(2), pp. 2745, 2754 to 2756, 2767, and 2789; Moore's Federal Practice Rules Pamphlet (1970), 940 and 941. That rule governs here. This case is not one in which the court in determining substantial rights only retained the cause for determination of incidental matters. See Dorshorst v. Dorshorst, 174 Neb. 886, 120 N. W. 2d 32, 16 A. L. R. 3d 363 (1963).

APPEAL DISMISSED.