BURROUGHS CORPORATION, A CORPORATION, APPELLEE, V. JAMES E. SIMON CONSTRUCTION CO., A CORPORATION, APPELLANT.

220 N. W. 2d 225

Filed July 11, 1974. No. 39308.

Kelley & Wallace, for appellant.

Murphy, Pederson & Piccolo and LeRoy Anderson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

WHITE, C. J.

This is an action brought to recover a money judgment arising from an insurance clause in an equipment sale contract between the parties. The plaintiff, Burroughs Corporation, and the defendant James E. Simon Con-

struction Co., entered into a contract for the purchase of a computer system on which the defendant made a downpayment. In the contract the defendant as purchaser agreed to: "* * * insure the equipment for the benefit of Seller against loss or damage of any kind, shall be absolutely responsible for the equipment from the time of delivery at Purchaser's building and thereafter until paid for in full * * *." Certain equipment was delivered to the defendant. The parties designate and treat the delivered property as "hardware" and as "software." Subsequent to the delivery, the equipment was damaged by a fire. The defendant denied that any "application software" was damaged or destroyed by the fire. It further denied that any amount was due the plaintiff as a result of the above insurance clause. After interrogatories and other evidence were introduced in the hearing on the motion for a summary judgment, the District Court granted a partial summary judgment for the plaintiff based on the agreement by the defendant to insure the equipment for the benefit of the plaintiff. The partial summary judgment related only to the "hardware" portion of the equipment. The court specifically reserved for trial the issues regarding the damage, if any, to the "application software" and a second cause of action concerning goods allegedly delivered but not listed in the aforementioned insurance contract. In the light of our decision herein, the precise wording and nature of the partial summary judgment order is important. It is:

"IT IS THEREFORE ORDERED that plaintiff's motion for summary judgment with respect to the hardware consisting of a Burroughs Electronic Billing Computer, a tape reader, tape punch and other hardware features described in the Equipment Sale Contract marked 'Exhibit A' and attached to plaintiff's second amended petition and other documents be and the same is hereby sustained and in that regard, the plaintiff have and recover from defendant the sum of $12,545.45.

"IT IS FURTHER ORDERED that plaintiff's motion for summary judgment with respect to the application software in the amount of $3,000.00 referred to in 'Exhibit A' and the issue raised in plaintiff's second cause of action of plaintiff's second amended petition be and the same is hereby overruled."

The defendant appeals from this order partially sustaining the motion for summary judgment. We dismiss the appeal as being premature.

The plaintiff asserts that the appeal is premature and should be dismissed because a partial summary judgment, being in the nature of an interlocutory order, is not a final order or judgment which is appealable. It is fundamental that our jurisdiction over appeals is based on final judgments or orders. Grantham v. General Telephone Co., 187 Neb. 647, 193 N. W. 2d 449 (1972); Hart v. Ronspies, 181 Neb. 38, 146 N. W. 795 (1966); § 25-1911, R. R. S. 1943. Sometimes the best answer to a case is simply to state it. That would almost appear to be true here. Generally, and almost universally, this court has held that an order is final only when no further action is required to dispose of the cause pending, but when the cause is retained for further action the order is interlocutory. Otteman v. Interstate Fire & Casualty Co., Inc., 171 Neb. 148, 105 N. W. 2d 583 (1960); Merle & Heaney Manuf. Co. v. Wallace, 48 Neb. 886, 67 N. W. 883; Continental Trust Co. v. Peterson, 76 Neb. 411, 107 N. W. 786, on rehearing, 76 Neb. 417, 110 N. W. 316; Wunrath v. Peoples Furniture & Carpet Co., 98 Neb. 342, 152 N. W. 736; Barry v. Wolf, 148 Neb. 27, 26 N. W. 2d 303; Miller v. Schlereth, 151 Neb. 33, 36 N. W. 2d 497; Koehn v. Union Fire Ins. Co., 151 Neb. 859, 39 N. W. 2d 808; Harkness v. Central Nebraska Public Power & Irr. Dist., 154 Neb. 463, 48 N. W. 2d 385. The purpose of the statute, and our decisions construing it, is to prevent repetitious and vexatious appeals, avoid jurisdictional conflicts between this court and the District Court in the decisional

process, and to prevent delay by expediting the trial and the appellate judicial process.

The general rule eliminating appeals from interlocutory orders, has been given specific application to the summary judgment procedure in the enactment, in 1951, of section 25-1333, R. R. S. 1943, which provides in part: "If on motion under sections 25-1330 to 25-1336 judgment is not rendered upon the *whole* case or for *all* the relief asked and a *trial is necessary*, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actully and in good faith controverted. *It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial* of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly." (Emphasis supplied.) In construing this statute we have stated: "It is observable that the section twice by inference indicates that the portion of the action which may be disposed of by summary action is not done so by a trial and twice declares specifically that the portion which may not be so disposed of *must* be submitted at a trial." (Emphasis supplied.) Otteman v. Interstate Fire & Casualty Co., Inc., *supra.*

We have quoted the exact order of the District Court. The District Court in entering this order, sustained partially the motion for summary judgment and only as to the defendant's liability for certain "hardware" equipment under the insurance clause of the equipment sale contract. It specifically retained for further trial the issues regarding the defendant's liability for the "application software" under the first cause of action based

upon the insurance clause, and all the plaintiff's second cause of action in its second amended petition. By its terms, the statute, section 25-1333, R. R. S. 1943, authorizes the court to eliminate issues on which there is no genuine issue of fact, by interlocutory orders, and the District Court's order comes squarely within the language commanding it to make an order specifying the facts that appear without substantial controversy, *including the extent to which the amount of damages or other relief is not in controversy,* and directing such further proceedings in the action as are just. The statute also contemplates, by its terms, that the whole case shall proceed to trial and disposition by the entry of a final judgment adjudicating all the issues in the case. In conclusion, the partial summary judgment entered herein was clearly interlocutory in nature, and not a final or appealable order. To hold otherwise would emasculate the purpose of the Summary Judgment Act and destroy its purpose of expediting trials by the elimination of unnecessary issues, by permitting piecemeal appeals, delaying the final disposition of the whole case in the trial court, and the acquisition of complete jurisdiction of the whole cause on appeal to this court.

Consequently, the contention that this appeal is premature is sustained and the appeal should be and is hereby dismissed.

APPEAL DISMISSED.

BOSLAUGH, J., concurring.

I concur in the opinion of the court dismissing the appeal as premature.

The test of finality is the substance of the decision rather than its form. See 4 Am. Jur. 2d, Appeal and Error, § 51, p. 573. However, it is sometimes difficult to determine whether a decision is interlocutory or final. Some difficulty might be avoided in partial summary judgments if phraseology were used which clearly expressed

the interlocutory nature of the decision and avoided the implication that a judgment subject to execution had been entered.