IN RE INTEREST OF LISA WOLKOW, A CHILD UNDER 18 YEARS OF AGE.

293 N. W. 2d 851

Filed June 24, 1980. No. 42683.

Paul L. Douglas, Attorney General, and Royce N. Harper, for appellant.

Thomas M. Kenney, Douglas County Public Defender, and Bennett G. Hornstein, for appellees.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

KRIVOSHA, C. J.

This is an appeal by the State Department of Public Welfare from a finding of the Separate Juvenile Court of Douglas County, Nebraska, (per J. Patrick Mullen, Associate Juvenile Court Judge) that the Department of Welfare was in contempt of court for failing to place a minor status offender as ordered by the juvenile court. For reasons set out herein, we must find that no final order was entered by the juvenile court and, therefore, we are without jurisdiction to hear the appeal. Accordingly, we must dismiss the appeal.

This appeal raises a number of important and interesting questions, including how a court of limited jurisdiction, such as the Separate Juvenile Court, may require an executive agency of state government to prepare and submit to the juvenile court for its approval regulations required to be promulgated by the state agency, pursuant to state statute, where such approval by the juvenile court is neither authorized nor required. The authority for such action does, indeed, raise a serious question. Nevertheless, on the state of the present record, this court is without jurisdiction to determine that issue, or any other issue raised by the appeal.

Although the juvenile court found the Department of Welfare in contempt of court, it did not, at any time, impose a sentence and, in fact, ultimately found that the Department of Welfare had purged itself of the alleged contemptuous action by preparing a plan which was approved by the juvenile court. We are, therefore, presented with an appeal in which no sentence has been imposed. In *State ex rel. Beck v. Lush,* 168 Neb. 367, 371, 95 N.W.2d 695, 698 (1959), we said:

Contempt, being without any particular

form of action, is not subject to the limitations of procedure prescribed for the conduct of either civil or criminal actions. [Citation omitted.] However, we have often said that a prosecution for criminal contempt is governed by, and to be conducted in accordance with, the strict rules applicable in criminal prosecutions.

Likewise, for purposes of criminal contempt, we have frequently followed the strict rules applicable to criminal proceedings. See, *Bahm v. Raikes,* 200 Neb. 195, 263 N.W.2d 437 (1978); *Paasch v. Brown,* 199 Neb. 683, 260 N.W.2d 612 (1977); *Malec v. Malec,* 196 Neb. 533, 244 N.W.2d 82 (1976); *Kasparek v. May,* 174 Neb. 732, 119 N.W.2d 512 (1963); *Muffly v. State,* 129 Neb. 334, 261 N.W. 560 (1935). The question we must first answer herein is whether the lack of a sentence imposed in this case affects our right to assume jurisdiction of the appeal.

The final judgment in a criminal action is not the conviction but the sentence imposed thereon. In *State v. Long,* 205 Neb. 252, 253, 286 N.W.2d 772, 773 (1980), we recently said:

It is elementary that there can be no appeal except from a judgment or final order and that the judgment in a criminal case is the sentence. [Citations omitted.] A finding of guilty is a conviction, but it is not a judgment or final order, and *there can be no appeal until a sentence has been imposed.*

(Emphasis supplied.) To the same effect, see *State v. Shaw,* 202 Neb. 766, 277 N.W.2d 106 (1979). We are persuaded that the rationale which compels the imposition of a sentence before a criminal matter may be appealed should also be a part of a criminal contempt proceeding; and absent a sentence in a criminal contempt proceeding, no final judgment exists from which an appeal may be taken.

Other jurisdictions which have considered this

issue have reached a similar conclusion and have held that the imposition of a sentence in a contempt proceeding is essential for a final judgment to have been rendered and an appeal permitted. In the case of *West v. United States,* 346 A.2d 504, 505 (D.C. App. 1975), the District of Columbia Court of Appeals said:

> A decision in a criminal case is final for appellate purposes only when the litigation between the parties is terminated and nothing remains but enforcement by execution of what has been determined. To create finality in a criminal case, it is necessary that there be a judgment of conviction followed by a sentence.

Likewise, in the case of *Massengale v. United States,* 278 F.2d 344, 345 (6th Cir. 1960), the Court of Appeals for the 6th Circuit, in dismissing an appeal, said: "In the absence of a sentence on the criminal contempt finding, the decision lacks the finality which would allow this court to review it." For similar authority, see *Harrell v. Peteet,* 134 Ga. App. 210, 214 S.E.2d 5 (1975); *Johnson v. Johnson,* 243 Ark. 656, 421 S.W.2d 605 (1967); *State ex rel. Neal et al. v. Hamilton C. Ct.,* 248 Ind. 130, 224 N.E.2d 55 (1967); *County of Cook v. Triangle Sign Co., Inc.,* 40 Ill. App. 2d 202, 189 N.E.2d 25 (1963); *Waukesha Roxo Co. v. Gehrz,* 244 Wis. 201, 12 N.W.2d 41 (1943); *Estate of Lucy Wortham James,* 64 R.I. 144, 11 A.2d 289 (1940); *Boudwin v. Boudwin,* 162 Wash. 142, 298 P. 337 (1931); *Alexander v. United States,* 201 U.S. 117 (1906).

The finding by the Separate Juvenile Court that the Department of Welfare was in contempt, without a subsequent sentence, did not constitute a final order or judgment and did not create a situation from which the Department of Welfare could appeal. It is fundamental that there can be no appeal to this court until there has been a judgment or final order

in the court from which the appeal is taken. See, Neb. Rev. Stat. § 25-1911 (Reissue 1975); *Essay v. Essay,* 180 Neb. 291, 142 N.W.2d 337 (1966); *Burroughs Corp. v. James E. Simon Constr. Co.,* 192 Neb. 272, 220 N.W.2d 225 (1974); *Fritch v. Fritch,* 191 Neb. 29, 213 N.W.2d 445 (1973).

To be sure, the action taken by the Separate Juvenile Court was, indeed, serious. While we have some serious question about the juvenile court's authority to hold the Department of Welfare in contempt as it did in this case, such a holding should never be adopted lightly, even if authorized. Nevertheless, we may not ignore the rules by which this court acquires appellate jurisdiction regardless of how serious the matter may otherwise be. Having found that no final order was entered, we must dismiss the appeal.

DISMISSED.