388 N.W.2d 811 (1986)
223 Neb. 197
McCOOK EQUITY EXCHANGE, a Cooperative Appellant,
v.
COOPERATIVE SERVICE COMPANY, a Nebraska Corporation, Appellee.
No. 85-050.
Supreme Court of Nebraska.
June 20, 1986.
Larry R. Baumann of Kelley, Scritsmier, Moore & Byrne, P.C., North Platte, for appellant.
Robert C. Guenzel of Crosby, Guenzel, Davis, Kessner & Kuester, Lincoln, for appellee.
KRIVOSHA, C.J., and BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.
PER CURIAM.
Plaintiff-appellant, McCook Equity Exchange (hereinafter McCook), a cooperative *812 formed under the laws of the State of Nebraska, filed a petition against defendant-appellee, Cooperative Service Company, a Nebraska corporation (hereinafter the accounting firm), seeking damages for the accounting firm's alleged negligence in failing to properly audit McCook's books and thus discover that McCook's manager had embezzled approximately $514,000 over the years from 1974 to August 26, 1980. The accounting firm raised the defense that all its professional services had been completed prior to August 1, 1980, that McCook's action was not filed until August 1982, and that McCook's action was barred by the 2-year statute of limitations in Neb.Rev. Stat. § 25-222 (Reissue 1985).
Pursuant to Neb.Rev.Stat. § 25-221 (Reissue 1985), a hearing was held on May 9, 1984, on the issue of the statute of limitations, before trial on the merits of the case. The evidence at that hearing showed that the accounting firm had done twice-yearly audits during the time in question and that its last audit was delivered to McCook on May 2, 1980. Other evidence showed that employee defalcations were discovered by McCook on August 26, 1980, and that McCook's action against the accounting firm was filed on August 19, 1982. The case appears to be controlled by this court's decision in Lincoln Grain v. Coopers & Lybrand, 215 Neb. 289, 338 N.W.2d 594 (1983), but there is no way in which we can reach the merits of this case.
The rules of this court provide "The transcript shall contain: ... (2) The judgment, decree, or final order sought to be reversed...." Neb.Ct.R. of Prac. 4A(2) (rev. 1983). McCook filed a notice of appeal in the district court for Red Willow County, Nebraska, on January 2, 1985. McCook's motion for new trial was filed May 30, 1984, and, as shown in the "JUDGE'S MINUTES," was overruled on December 3, 1984.
There is no order appearing in the transcript from which McCook could move for a new trial. McCook states in its brief, in the section denominated "How the Issues Were Decided," that the court's order finding that the statute of limitations had run appears at page 15 of the transcript. The "JOURNAL ENTRY" so referred to was dated and signed on January 15, 1985. McCook's notice of appeal was filed 13 days prior to the entry of the final order. Neither the transcript nor the bill of exceptions provides evidence of any order entered between May 20 and May 30, 1984, from which McCook properly could seek a new trial on May 30, 1984. McCook's praecipe filed in connection with preparation of the record requested the "Judgment and Decree dated May 22, 1984." No such judgment appears in the transcript, but instead a judgment order of January 15, 1985. The clerk of the district court has certified that the record before us is complete.
We note that the "REPORT OF PREHEARING CONFERENCE OFFICER" states that "[c]ounsel for the parties agreed that the Judgment Order of Judge Hendrix was entered the latter part of May, 1984, after trial although the Journal Entry of his Judgment in the transcript states that it was entered on January 15, 1985." What the "latter part of May" means, we do not know. There is no explanation in the briefs, by stipulation, or otherwise, as to the correlation, if any, between the trial court's order of January 15, 1985, and the references to a judgment in May 1984. "It is not the province of this court to attempt to make the records before us comply with our rules of appeal." Farmers Union Co-op Ins. Co. v. Neals, 222 Neb. 249, 250, 383 N.W.2d 35, 36 (1986). It is not possible for this court to determine the judgment order appealed from.
The record in this case does not show any facts authorizing the statutory jurisdiction of this court to attach. Neb. Rev.Stat. §§ 25-1911 et seq. (Reissue 1985). "It is fundamental that there can be *813 no appeal to this court until there has been a judgment or final order in the court from which the appeal is taken." In re Interest of Wolkow, 206 Neb. 512, 515-16, 293 N.W.2d 851, 854 (1980). See, Burroughs Corp. v. James E. Simon Constr. Co., 192 Neb. 272, 220 N.W.2d 225 (1974); Grantham v. General Telephone Co., 187 Neb. 647, 193 N.W.2d 449 (1972). We have often held that the parties may not confer subject matter jurisdiction on a court by either acquiescence or consent. See Bolan v. Boyle, 222 Neb. 826, 387 N.W.2d 690 (1986).
For the above-stated reasons we dismiss the appeal for lack of jurisdiction.
APPEAL DISMISSED.