278 Neb. 311
KELLY JEAN CONNELLY AND TIMOTHY JAMES CONNELLY, WIFE AND HUSBAND AND NATURAL GUARDIANS OF RACHEL AND CHELSEA CONNELLY, APPELLEES,
v.
CITY OF OMAHA, APPELLANT.
No. S-08-1011.
Supreme Court of Nebraska.
Filed August 7, 2009.
Thomas Mumgaard, Deputy Omaha City Attorney, for appellant.
Thomas M. Locher, Ralph A. Froehlich, and Timothy M. Morrison, of Locher, Pavelka, Dostal, Braddy & Hammes, L.L.C., for appellees.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MILLER-LERMAN, JJ.
GERRARD, J.
Timothy James Connelly took his two daughters sledding in Omaha's Memorial Park. The two girls suffered significant injuries when their sled collided with a tree. Timothy and his wife, Kelly Jean Connelly, sued the City of Omaha (City), and they brought a separate action on behalf of the children that was consolidated with Timothy and Kelly's action.
Timothy and Kelly's case (but not the children's) went to trial on the issue of liability, which was bifurcated from the issue of damages. Evidence on damages was not received. The district court entered judgment against the City on liability but did not make a determination as to damages. The City moved for certification of a final judgment pursuant to Neb. Rev. Stat. § 25-1315 (Reissue 2008), and when that was granted by the district court, the City filed a notice of appeal. The first issue we must decide is whether an adjudication of liability alone, which does not decide the question of damages, is a final, appealable order subject to appellate certification under § 25-1315. Applying long-established principles, we conclude that such an interlocutory order is neither final nor appealable; thus, we vacate the court's order and dismiss the appeal.

FACTUAL BACKGROUND
In the afternoon of December 29, 2000, Timothy took his 5-year-old and 10-year-old daughters to Memorial Park to go sledding. When they arrived, Timothy surveyed the area, saw other people sledding, and chose a spot for his children to begin sledding. Timothy noted some trees on the right, left, and bottom of the sledding hill. The children got into their saucer-like sled and proceeded down the hill. The sled veered to the right, and the girls collided with a tree. As a result of the collision, both girls were injured.
Timothy and Kelly (who is the children's mother) filed suit against the City for the injuries suffered by the children while sledding at Memorial Park. The complaint lists five causes of action: (1) willful negligence, (2) loss of services, (3) negligent infliction of emotional distress upon Timothy, (4) negligent infliction of emotional distress upon Kelly, and (5) negligence. Timothy and Kelly sought damages for past and future medical costs and services, in addition to general damages for their negligent infliction of emotional distress causes of action.
After a bench trial in March 2006, the court found that the City was liable for the children's injuries under Nebraska's Recreation Liability Act.[1] Trial on the issue of liability was bifurcated from the issue of damages, and evidence of damages was not received. The court found that there was insufficient evidence to support either parent's negligent infliction of emotional distress claim. And the court found no affirmative defenses applicable, except for 25-percent contributory negligence by Timothy. The court did not make a determination as to damages. Shortly after this initial proceeding, a second action was filed on behalf of the children, seeking general damages arising out of the same accident. The children's case was consolidated with their parents' action.
All the parties filed motions for partial summary judgment, raising several issues. In ruling favorably on the plaintiffs' motions for partial summary judgment, the court determined that each of the four plaintiffs could recover up to the individual statutory damages cap set forth in the Political Subdivisions Tort Claims Act.[2] The court found that Timothy's negligence would not be imputed to the other plaintiffs and that Timothy and Kelly's younger daughter could not be contributorily negligent as a matter of law due to her age. The court also determined that our decision in Bronsen v. Dawes County[3] would be applied retroactively. The court, however, rejected Timothy and Kelly's motion for summary judgment on their claim for loss of parental consortium and addressed the application of res judicata and collateral estoppel to the children's case. The City's motions for partial summary judgment and motion to amend the judgment were overruled.
Although the court had addressed a number of issues, there still had been no trial on Timothy and Kelly's damages, and no trial on liability or damages in the children's case. Nonetheless, the City moved for the court to "enter a final judgment on the issue of liability" pursuant to § 25-1315. The district court sustained the motion, reasoning that judicial efficiency would be served because the trial on damages was likely to be onerous. The court certified a final judgment with respect to the City's liability, the application of Bronsen, and the denial of the City's motion for partial summary judgment. The City appeals only the court's finding of negligence.
The Court of Appeals ordered the parties to brief the jurisdictional issue and application of Cerny v. Todco Barricade Co.[4] to the district court's § 25-1315 order. We later moved the case to our docket on our own motion. The parties argue that we have jurisdiction even though there is no finding as to Timothy and Kelly's damages or findings on liability or damages in the children's case.

ASSIGNMENTS OF ERROR
The City assigns, as consolidated and restated, that the district court erred in finding the City was negligent, rejecting the City's affirmative defenses, and finding that the City's negligence was greater than Timothy's.

STANDARD OF REVIEW
[1] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.[5]

ANALYSIS

Trial Court Erred in Certifying Its Interlocutory Adjudication of Liability as Final, Appealable Order.
[2,3] Before reaching the legal issues presented for review, it is the duty of an appellate court to settle jurisdictional issues presented by a case.[6] Notwithstanding whether the parties raise the issue of jurisdiction, an appellate court has a duty to raise and determine the issue of jurisdiction sua sponte.[7]
[4] For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken; conversely, an appellate court is without jurisdiction to entertain appeals from nonfinal orders.[8] Here, the district court's order granting partial summary judgment reserved issues for later disposition, including the issue of monetary damages and liability in the children's case. Thus, the initial issue presented is whether the district court's order was a final order from which an appeal could be taken.
Section 25-1315(1) provides that
[w]hen more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
Section 25-1315 permits a judgment to become final only under the limited circumstances set forth in the statute.[9] By its terms, § 25-1315(1) is implicated only where multiple causes of action are presented or multiple parties are involved, and a final judgment is entered as to one of the parties or causes of action.[10]
[5,6] The term "final judgment" as used in § 25-1315(1) is the functional equivalent of a "final order" within the meaning of Neb. Rev. Stat. § 25-1902 (Reissue 2008).[11] A "final order" is a prerequisite to an appellate court's obtaining jurisdiction of an appeal initiated pursuant to § 25-1315(1).[12] In other words, an order that was not appealable under § 25-1902 before § 25-1315 was enacted did not become appealable after § 25-1315 was enacted.[13]
[7,8] Thus, with the enactment of § 25-1315(1), one may bring an appeal pursuant to such section only when (1) multiple causes of action or multiple parties are present, (2) the court enters a "final order" within the meaning of § 25-1902 as to one or more but fewer than all of the causes of action or parties, and (3) the trial court expressly directs the entry of such final order and expressly determines that there is no just reason for delay of an immediate appeal. Therefore, to be appealable, an order must satisfy the final order requirements of § 25-1902 and, additionally, where implicated, § 25-1315(1).[14]
In the case at hand, we are presented with a consolidated action involving multiple causes of action and multiple parties. The district court's order granting the motion for partial summary judgment resolved the City's liability in the parents' action, but left unresolved the issues of liability in the children's case, in addition to monetary damages as to all of the causes of action and parties. The district court's order directing final judgment pursuant to § 25-1315(1) expressly states that "[t]rial has not been held in the children's action," that the issue of damages was bifurcated from liability issues, and that a "bench trial addressed only the liability issue."
[9,10] We have consistently refused jurisdiction based on the lack of a final, appealable order in situations nearly identical to the present case. Since at least Hart v. Ronspies,[15] we have held in negligence actions that an interlocutory summary adjudication of liability alone, which does not decide the question of damages, is not a final, appealable order. In Hart, we denied jurisdiction where the district court rendered partial summary judgment for the plaintiff on the issue of the defendant's negligence but reserved for trial the issues of contributory negligence, proximate cause, and damages.[16] This is so because no substantial right is affected by such an interlocutory determination.[17] Similarly, in Burke v. Blue Cross Blue Shield,[18] we denied jurisdiction where the district court entered partial summary judgment on the issue of the defendants' liability but retained the issue of damages for later disposition. To be final, an order must ordinarily dispose of the whole merits of the case.[19] Simply put, we have consistently held that a finding of liability without a determination of damages is not a final, appealable order.[20]
Here, no final order was entered (or determination made) regarding damages as required by § 25-1902, and accordingly, the court could not have directed the entry of a final judgment within the meaning of § 25-1315(1). Because the judgment does not dispose of the entirety of any one claim, it cannot be made an appealable judgment by recourse to § 25-1315.[21] As we have stated, § 25-1315 does not provide "'magic words,'" the invocation of which transforms any order into a final judgment for purposes of appeal.[22] We conclude that the court erred in certifying its partial summary judgment as final under § 25-1315(1). Because the district court's order of partial summary judgment was not a final, appealable order, we are without jurisdiction.

Bifurcation of Trial May Be Appropriate for Convenience of Parties and Interest of Justice.
[11,12] Finally, we observe that nothing in this opinion should be read as undermining the fact that there are good reasons and appropriate circumstances to bifurcate a trial. A trial judge has broad discretion over the conduct of a trial,[23] and, absent abuse, that discretion should be respected. Bifurcation of a trial may be appropriate where separate proceedings will do justice, avoid prejudice, and further the convenience of the parties and the court.[24] Bifurcation is particularly proper where a potentially dispositive issue may be decided in such a way as to eliminate the need to try other issues. In this case, for instance, if the district court had determined that the City was not liable for any of the causes of action, there would have been no need to determine damages. And an appeal could have appropriately been taken from such a final order. From the record presented, it appears that the district court exercised its discretion carefully in bifurcating the trial. The court's error was in certifying an interlocutory appeal (albeit in good faith), not in bifurcating the trial proceedings in the first place.

CONCLUSION
Without a final order, an appellate court lacks jurisdiction and must dismiss the appeal.[25] Because § 25-1315 was erroneously applied, there is no final order from which an appeal may be taken in this case. Therefore, we vacate the court's order certifying a final judgment and, lacking jurisdiction, dismiss this appeal.
ORDER VACATED, AND APPEAL DISMISSED.
McCORMACK, J., participating on briefs.
NOTES
[1] Neb. Rev. Stat. §§ 37-729 to 37-736 (Reissue 2004).
[2] Neb. Rev. Stat. §§ 13-901 to 13-927 (Reissue 1997 & Cum. Supp. 2002). See § 13-926 (Reissue 2007).
[3] Bronsen v. Dawes County, 272 Neb. 320, 722 N.W.2d 17 (2006).
[4] Cerny v. Todco Barricade Co., 273 Neb. 800, 733 N.W.2d 877 (2007).
[5] Dominguez v. Eppley Transp. Servs., 277 Neb. 531, 763 N.W.2d 696 (2009).
[6] Nebraska Dept. of Health & Human Servs. v. Weekley, 274 Neb. 516, 741 N.W.2d 658 (2007).
[7] Kilgore v. Nebraska Dept. of Health & Human Servs., 277 Neb. 456, 763 N.W.2d 77 (2009).
[8] Williams v. Baird, 273 Neb. 977, 735 N.W.2d 383 (2007).
[9] Cerny, supra note 4.
[10] Id.
[11] Id.
[12] Id.
[13] See, id.; Tess v. Lawyers Title Ins. Corp., 251 Neb. 501, 557 N.W.2d 696 (1997).
[14] Cerny, supra note 4.
[15] Hart v. Ronspies, 181 Neb. 38, 146 N.W.2d 795 (1966).
[16] Id.
[17] Id.
[18] Burke v. Blue Cross Blue Shield, 251 Neb. 607, 558 N.W.2d 577 (1997).
[19] Id.
[20] See, e.g., O'Connor v. Kaufman, 255 Neb. 120, 582 N.W.2d 350 (1998); Burke, supra note 18; Olsen v. Olsen, 248 Neb. 393, 534 N.W.2d 762 (1995); Grantham v. General Telephone Co., 187 Neb. 647, 193 N.W.2d 449 (1972); Hart, supra note 15.
[21] Poppert v. Dicke, 275 Neb. 562, 747 N.W.2d 629 (2008).
[22] Keef v. State, 262 Neb. 622, 629, 634 N.W.2d 751, 758 (2001).
[23] Robison v. Madsen, 246 Neb. 22, 516 N.W.2d 594 (1994).
[24] See, e.g., Saxion v. Titan-C-Manufacturing, Inc., 86 F.3d 553 (6th Cir. 1996).
[25] Poppert, supra note 21.