CHARLES E. GRANTHAM ET AL., APPELLANTS, V. GENERAL
TELEPHONE COMPANY OF THE MIDWEST, A CORPORATION,
ET AL., APPELLEES.

213 N. W. 2d 439

Filed December 21, 1973. No. 38969.

Ginsburg, Rosenberg, Ginsburg & Krivosha, for appellants.

Ross & Schroeder, Luebs, Tracy, Huebner, Dowding & Betzer, and Tye, Worlock, Tye, Jacobsen & Orr, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SMITH, J.

Charles E. Grantham and wife sought recovery for

negligent damage to their service station from construction of a building on adjacent property owned by defendant General Telephone Company of the Midwest. Prior to the beginning of the work the parties had agreed that the architect would appraise damage to the Grantham property from the project. On remand in Grantham v. General Telephone Co., 187 Neb. 647, 193 N. W. 2d 449 (1972), Granthams abandoned their claim for loss of profits. On motions of all defendants the District Court then entered summary judgments. Granthams appeal.

Granthams assert that (1) the contractor, Roeder Brothers Construction, the architect, Helleberg and Helleberg, and a subcontractor, Francis Young, defendants, were only incidental beneficiaries of the above agreement, (2) the District Court erroneously interpreted the agreement to immunize defendants from liability for negligent damage to their property, although at least Granthams intended only damage from non-negligent conduct, and (3) performance of the alleged arbitration agreement was not final at common law.

Under the agreement, dated June 11, 1969, Granthams granted General Telephone an easement for the contractor to drive sheet piling along and 1 foot inside the property line of Granthams. They also granted the company, its agents, and contractors ingress and egress for performance of the project. Pulling and removal of the pilings was to occur after the wall and foundation of the building had set. The provision for appraisal read: "Helleberg and Helleberg, Architects, shall inspect the improvements upon Grantham's premises above described immediately before construction and immediately after the contractor pulls the piling, and any damage to said buildings and improvements which in the opinion of the architects are caused by said construction shall be the liability of the Company to Grantham and the Company shall pay to Grantham the amount of said damage, if any, as certified by said

architects in full settlement and satisfaction of any claim hereunder."

The construction work began approximately June 12, 1969. The pilings were driven and pulled by Young under supervision of Roeder Brothers. All parties concur that the work damaged the service station. Helleberg inspected the property in accordance with the agreement.

On April 29, 1970, Helleberg certified that pursuant to the Granthams-General Telephone agreement, $3,000 was owing Granthams for the damage. General Telephone and Roeder Brothers then paid $3,000 into the registry of the District Court for the benefit of Granthams. No one contends that commencement of this action preceded the certification by Helleberg.

Motion for summary judgment is to be granted only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. § 25-1332, R. R. S. 1943.

When the terms of an agreement have been intended in a different sense by the parties to it, that sense is to prevail against either party in which he had reason to suppose the other understood it. § 25-1217, R. R. S. 1943. The meaning of an ambiguity in a contract is a matter of fact to be determined in the same manner as other questions of fact which preclude summary judgment. When a contract and the facts and circumstances that aid in ascertaining the intent of the parties are insufficient to raise an issue of fact, however, interpretation of the contract is a matter of law. Bishop Cafeteria Co. v. Ford, 177 Neb. 600 at 615 to 617, 129 N. W. 2d 581 at 591, 592 (1964).

Respecting the first assertion of Granthams, no defendant fits common definitions of a creditor or donee beneficiary. See Restatement, Contracts, § 133 (1932). In addition privity of contract is not inferable from the record.

On the question of negligence the agreement was not

a license for anyone to damage the property of Granthams at will. It freed Granthams, however, from proof of negligence in order for them to recover damages, and it did not imply that determination by Helleberg was to be subject to any questions of negligence. The agreement was to protect all defendants from liability for claims of negligent damage to the Granthams' property from the work, provided Helleberg would have made an effective appraisal.

Defendants have admitted liability and the amount of the appraisal lies in the registry of the District Court for the benefit of Granthams. The latter have not asserted lack of good faith on the part of Helleberg, and the agreement is not unconscionable. Cf. § 2-302, U. C. C. (1971). The appraisal of Helleberg was final and conclusive. It foreclosed these claims of Granthams against all defendants as a matter of law.

AFFIRMED.

SPENCER, J., dissenting.

I respectfully dissent. I feel there is a jury question of rather clear and substantial magnitude concerning whether Granthams released or limited any of their rights by virtue of this contract. Consequently, summary judgment was improvidently granted. I also do not agree that the appraisement of Helleberg and Helleberg was final and conclusive or that it foreclosed all claims Granthams had against the other defendants.

The amended petition pleaded failure to comply with the city code in several particulars, and alleged negligent acts of commission and omission which could not have been in the contemplation of the parties in the execution of the contract. However, even assuming Granthams released their normal tort remedies, this would not dispose of my objections to the majority opinion. Such matters as completing the construction improperly and particularly failing to construct the drainageway which is specifically required by paragraph

5 of the contract indicate the inadequacy of the summary judgment procedure.

All defendants argue they can rely upon the contract as a defense, but they disagree as to the reasons. Generally they err in terming this an arbitration agreement. More importantly, they beg the primary question because an arbitration agreement wherein plaintiff does not agree this will be his sole recourse is of no more consequence than an appraisement agreement that has no such limitation of remedies. Hellebergs' argument concerning the fixing of damages is similarly of no consequence unless Granthams agreed to be bound thereby. General Telephone's assertion that this is a contract of indemnity is conclusory and unconvincing. Even if General Telephone did agree to indemnify plaintiffs for all damages caused by the construction, it is quite clear that the terms of this indemnification were rather limited. The question is whether plaintiffs agreed this would be their sole recourse in the matter.

In order for the contract to constitute a defense for any of the parties, it is incumbent upon them to show that plaintiffs by this agreement released their rights to sue for damages (assuming the contractual agreement was performed on General Telephone's part). This requires an examination of the contract. At the outset, it is to be noted that the document contains no provision which states Granthams agree all damages shall be the sole responsibility of General Telephone, and there is also no provision that Granthams release their right to sue for any such damages or words of similar import. The document was drawn by General Telephone. It should be construed most strictly against General Telephone. So construed, one could say there was no such release or limitation. At the very least, this would seem to present a jury question.

The word "hereunder" appearing in the provision for appraisal set out in the majority opinion refers in my judgment to General Telephone's liability under the

contract. The question of whether Granthams agreed to accept this "in full settlement and satisfaction" of all damages caused to their property, ought to be for the jury. General Telephone wrote the contract. If that was the intention, it could have expressed itself as clearly upon this issue as it did on other aspects of the contract.

By virtue of the contract, Granthams granted an easement to General Telephone to drive sheet piling along and 1 foot inside their property line, as well as giving General Telephone, its agents, and contractors ingress and egress for performance of the project. In return for the right to construct upon their land, Granthams received a new remedy from General Telephone in addition to their normal tort remedies and those existing by virtue of the city code. I find nothing in the contract to indicate they released their preexisting remedies as the majority opinion concludes.

I reiterate, there is no express release or limitation of Granthams' rights against General Telephone or any of the other defendants. I also suggest General Telephone's greatest potential liability may be under the code, and even if that could be released I would require more precise language. I would not read such an inference into the contract which should be construed against General Telephone.