KANSAS-NEBRASKA NATURAL GAS COMPANY, INC., APPELLANT, V. SWANSON BROTHERS, APPELLEE.

338 N.W.2d 774

Filed September 30, 1983. No. 83-149.

M. J. Bruckner and W. Scott Davis of Marti, Dalton, Bruckner, O'Gara & Keating, P.C., for appellant.

Swanson Brothers, pro se.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

This appeal began as an action in the small claims court for Rock County, Nebraska, by the Kansas-

Nebraska Natural Gas Company, Inc., against Swanson Brothers, a partnership, for the balance due pursuant to a written gas sales agreement. In July 1974 the appellee, Swanson Brothers, by one of the partners, B. Duane Swanson, entered into a written agreement with the appellant, Kansas-Nebraska Natural Gas Company, in which the appellee agreed to pay Kansas-Nebraska a minimum payment of $500 per year for natural gas service for grain drying. The contract was to continue in force for 5 years and from year to year thereafter until canceled. Under the written contract, cancellation could be effected by either party by giving the other party 30 days' written notice. The written contract states: "7. This contract shall be effective as of July 31, 1974, and shall continue in force and effect for a period of five (5) years from the above date and thereafter from year to year until canceled. Such cancellation may be given by either party by giving the other party thirty (30) days written notice."

The small claims court for Rock County entered judgment for the appellee and against the appellant. The Kansas-Nebraska Natural Gas Company, Inc., perfected its appeal to the District Court.

At trial in the District Court Swanson Brothers admitted the execution of the contract but asserted that in the early spring of 1981, at the time sale of the property was made to another, oral notice of cancellation was given to a representative of the Kansas-Nebraska Natural Gas Company. The trial court, without assigning reasons therefor, found that the oral notice was effective and denied recovery. The amount alleged to be due for 1981 was $458.90, and for 1982 the amount was $94.52. The sum of $458.90 represented the difference between the actual billings to the premises in 1981 of $41.10 subtracted from the guaranteed minimum of $500, and the $94.52 was the amount of the guarantee prorated to February 8, 1982, on which date actual written no-

tice of the termination was received by the natural gas company from one of the partners. It is uncontradicted in the evidence that the cancellation notice in accordance with the contract was not received until February 8, 1982, and we are unable to conclude on what basis the trial court felt free in suggesting that a notice not conforming with the express requirement of the contract was sufficient to afford cancellation. We have previously said on a number of occasions that a written contract expressed in unambiguous language is not subject to interpretation or construction, and the intention of the parties must be determined from its contents alone, *Clemens Mobile Homes, Inc. v. Anderson*, 206 Neb. 58, 291 N.W.2d 238 (1980), and that a trial court is not free to rewrite a contract for the parties or speculate as to the terms of a contract which the parties have not seen fit to set out or are contrary to the express terms of the contract, *W. Wright, Inc. v. Korshoj Corp.*, 197 Neb. 692, 250 N.W.2d 894 (1977).

The brief of appellee addresses itself to a theory of equitable estoppel, a theory that the appellant is equitably estopped from denying the effectiveness of the oral cancellation notice. The brief does not assert, nor do the facts in the bill of exceptions reveal, what detrimental reliance was placed on the so-called acceptance of the oral cancellation by Swanson Brothers, nor is the evidence very conclusive as to whom precisely the alleged oral notice of cancellation was given. It is sufficient to say we find no basis whatever to apply any doctrine of equitable estoppel.

Since we are bound by the findings of fact which find support in the evidence, we therefore accept the fact that an oral cancellation was given. However, the trial court was not free to substitute its version of the contract for the express terms of the contract as written by the parties, nor do we find any reason why the express terms of the contract should not be enforced against the appellee herein. The trial

court was in error in so doing, and the judgment is reversed and the cause remanded to the trial court with directions to enter judgment as prayed for in the appellant's petition.

REVERSED AND REMANDED WITH DIRECTIONS.