Caesar De Los Santos, appellant, v. The Great Western Sugar Company, a corporation, appellee.

348 N.W.2d 842

Filed May 11, 1984.  No. 82-594.

Robert G. Pahlke of Van Steenberg, Brower, Chaloupka, Mullin & Holyoke, for appellant.

John F. Simmons of Wright, Simmons & Selzer, for appellee.

Boslaugh, Hastings, Shanahan, and Grant, JJ., and Cambridge, D.J.

Cambridge, D.J.

This is an appeal by the plaintiff of a summary

judgment entered by the trial court in favor of the defendant in an action for breach of contract.

A summary judgment is properly granted where there exists no genuine issue as to any material fact, the ultimate inferences to be drawn from those facts are clear, and the movant is entitled to judgment as a matter of law. *Swanson v. First Fidelity Life Ins. Co.*, 214 Neb. 654, 335 N.W.2d 538 (1983). For summary judgment purposes we are required, as was the trial court, to view the evidence and all reasonable inferences therefrom in the light most favorable to the party against whom it is directed, and any reasonable doubt touching the existence of a genuine issue of material fact must be resolved against the moving party. *Piper v. Hill*, 185 Neb. 568, 177 N.W.2d 509 (1970).

This appeal centers around the following provision contained in the "Hauling Contract" executed by the plaintiff and the defendant in October 1980:

> The Contractor [i.e., plaintiff] shall transport in the Contractor's trucks *such tonnage of beets as may be loaded by the Company* [i.e., defendant] from piles at the beet receiving stations of the Company, and unload said beets at such factory or factories as may be designated by the Company. The term of this contract shall be from October 1, 1980, until February 15, 1981.

(Emphasis supplied.) The plaintiff, as an independent contractor, was obligated under the "Hauling Contract" to furnish certain insurance, suitable trucks and equipment, and all necessary labor, maintenance, fuel, and licenses required for his operations thereunder, and the compensation which he was to receive for his services was based solely upon the amount of beets which he transported, the rate per ton varying with the length of the haul.

It is undisputed that upon executing the hauling contract the plaintiff knew that the defendant had executed identical such contracts with other independent truckers who would also be hauling the

defendant's beets and that the plaintiff would therefore transport on his trucks only "such tonnage of beets as may be loaded by" the defendant upon the plaintiff's trucks, not all of the beets "as may be loaded by" the defendant from piles at the defendant's beet receiving stations. The plaintiff had been transporting beets under the contract for approximately 2 months when, in early December 1980, the defendant informed the plaintiff that his services would no longer be needed. The plaintiff does not claim that he was entitled to transport all of the beets, but he does contend that he was entitled to continue to haul until all of the beets had been transported to the factory, that the defendant did not allow him to do so, and that the defendant thereby wrongfully terminated the hauling contract, causing the plaintiff loss of profits, forced sale of his trucks at a loss, and other damages to be proved on trial. In his petition the plaintiff predicated his action against the defendant upon the hauling contract. The defendant in its amended answer thereto alleged, among other defenses not relevant to the disposition of this appeal, that the defendant was not obligated under the contract to allow the plaintiff to haul any particular amount of tonnage and that its determination that it would no longer require the plaintiff's services was a determination which was within the defendant's discretion under the terms of the contract. In his reply to the defendant's amended answer, the plaintiff in effect contended that the defendant nevertheless was still liable under the principles of law set out in the Restatement (Second) of Contracts §§ 223, 90, and 205 (1981). The plaintiff was paid in full for all beets which were in fact hauled by him, and there is no issue in this case in that regard.

Considering the words contained therein together with the aforesaid undisputed facts known to both the plaintiff and the defendant when they executed the hauling contract, it is clear that neither the

plaintiff nor the defendant intended to or did, either in fact or law, promise to transport a specific quantity of beets or promise to transport beets during a specific period of time. The term of the contract set forth therein, i.e., October 1, 1980, until February 15, 1981, did not constitute a promise, but merely established the period of time during which the promises which were contained in the contract would be in effect. Although the plaintiff made a number of promises in the hauling contract, all centered around the plaintiff's promise to transport beets as loaded by the defendant on the plaintiff's trucks during the period of October 1, 1980, through February 15, 1981, the defendant made no promises at all other than the promise to pay for the transportation of those beets which were in fact loaded by the defendant onto the trucks of the plaintiff during that period. An agreement which depends upon the wish, will, or pleasure of one of the parties is unenforceable. See 56 C.J.S. *Master and Servant* § 6 (1948). In *Garsick v. Dehner*, 145 Neb. 73, 79, 15 N.W.2d 235, 238 (1944), this court stated:

> Speaking generally, mutuality of obligation is an essential element of every enforceable agreement. However, "Mutuality of contract consists in the obligation on each party to do, or to permit something to be done, in consideration of the act or promise of the other. * * * Mutuality is absent when one only of the contracting parties is bound to perform, and the rights of the parties exist at the option of one only."

Where a promisor agrees to purchase services from the promisee on a per unit basis, but the agreement specifies no quantity and the parties did not intend that the promisor should take all of his needs from the promisee, there is no enforceable agreement, and the promisor is not obligated to accept any services from the promisee and may terminate the relationship at any time without liability other than to pay for the services accepted. The fact that the

promisor has accepted services from the promisee in the past under such an agreement does not furnish the consideration necessary to require the promisor to accept such services in the future under the agreement. Nor does the specification in such an agreement of the period of time during which it will be operative impose an obligation that is not already present under the agreement. *Waco Fire &c. Ins. Co. v. Plant*, 150 Ga. App. 888, 259 S.E.2d 95 (1979); *Louisville Tobacco Warehouse Co. v. Zeigler*, 196 Ky. 414, 244 S.W. 899 (1922); *M.J.S. Resources, Inc. v. Circle G. Coal Co.*, 506 F. Supp. 341 (E.D. Mo. 1980); *Wright v. Fuel Oil Co.*, 342 Mo. 173, 114 S.W.2d 959 (1938); *Foley v. Euless*, 214 Cal. 506, 6 P.2d 956 (1931); *St. Joseph Data Serv. v. Thomas Jefferson Life*, 73 Ill. App. 3d 935, 393 N.E.2d 611 (1979); *Solace v. T. J. Moss Tie Co.*, 142 S.W.2d 1079 (Mo. App. 1940); *Mason v. United States*, 615 F.2d 1343 (Ct. Cl. 1980). Applying the foregoing to this case, it is apparent that the right of the defendant to control the amount of beets loaded onto the plaintiff's trucks was in effect a right to terminate the contract at any time, and this rendered the contract as to its unexecuted portions void for want of mutuality. In the absence of a specification of quantity, the defendant had no obligation to use any of the plaintiff's services, and the defendant's decision to cease using those services after a certain point is not actionable.

The plaintiff contends that prior actions of the defendant constituted a course of conduct which caused the plaintiff to justifiably believe that the defendant would permit the plaintiff to haul beets until all of the same had been transported from the receiving stations to the factory. The Restatement (Second) of Contracts § 223 at 157-58 (1981) provides:

(1) A course of dealing is a sequence of previous conduct between the parties to an agreement which is fairly to be regarded as establishing a common basis of understanding for interpreting their expressions and other conduct.

(2) Unless otherwise agreed, a course of dealing between the parties gives meaning to or supplements or qualifies their agreement.

That principle of law is of no avail to the plaintiff in this case. The evidence is undisputed that prior to the plaintiff's execution of the hauling contract of October 1980, there had been no similar course of dealing between the plaintiff and the defendant and that the course of dealing had between the defendant and other parties in preceding years, as well as for the year 1980, clearly established that independent truckers such as the plaintiff who had less seniority than others with hauling contracts were let go prior to completion of the beet haul.

No promise having been made by the defendant to the plaintiff other than the promise to pay for the transportation of those beets loaded on the plaintiff's trucks, there is no merit in the plaintiff's contention that the Restatement, *supra* § 90 applies in this case, that section often being referred to in terms of "promissory estoppel."

The same is true with respect to the applicability of the Restatement, *supra* § 205. Under that section every contract imposes upon each party a duty of good faith and fair dealing in its performance. The plaintiff alleges that the defendant breached that duty by terminating the contract; but the defendant having the right to do so under the contract, the exercise of that right did not constitute bad faith on its part.

When the allegations of the pleadings have been pierced by a movant for summary judgment and resistance to the motion fails to show that a genuine issue of fact exists, summary judgment should be granted. See *Page v. Andreasen*, 200 Neb. 641, 264 N.W.2d 682 (1978).

When the provisions of a contract, together with the facts and circumstances that aid in ascertaining the intent of the parties thereto, are not in dispute, the proper construction of such contract is a ques-

tion of law and determinable upon a motion for summary judgment. See, *Bishop Cafeteria Co. v. Ford*, 177 Neb. 600, 129 N.W.2d 581 (1964); *Grantham v. General Tel. Co.*, 191 Neb. 21, 213 N.W.2d 439 (1973); *Oehlrich v. Gateway Realty of Columbus, Inc.*, 209 Neb. 417, 308 N.W.2d 327 (1981).

AFFIRMED.