Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/31/2018 09:10 AM CDT

- 187 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
HEINEMAN v. EVANGELICAL LUTH. GOOD SAM. SOC.
Cite as 300 Neb. 187

Mark Heineman, appellee, v. The Evangelical Lutheran
Good Samaritan Society, doing business as Good
Samaritan Society-Scribner, et al., appellants.

___ N.W.2d ___

Filed June 8, 2018.    No. S-17-983.

1. **Arbitration and Award.** Arbitrability presents a question of law.
2. **Judgments: Appeal and Error.** When reviewing questions of law, an appellate court resolves the questions independently of the lower court's conclusions.
3. **Trial: Evidence: Appeal and Error.** Generally, it is not the function of an appellate court to review evidence which was not presented to the trial court.
4. **Evidence: Records: Appeal and Error.** A bill of exceptions is the only vehicle for bringing evidence before an appellate court; evidence which is not made a part of the bill of exceptions may not be considered.
5. **Actions: Judicial Notice: Records: Appeal and Error.** An appellate court may take judicial notice of a document, including briefs filed in an appeal, in a separate but related action concerning the same subject matter in the same court.
6. **Contracts: Consideration.** Consideration is sufficient to support a contract if there is any detriment to the promisee or any benefit to the promisor.
7. **Arbitration and Award: Federal Acts: Contracts.** If a contract containing an arbitration clause involves interstate commerce, the Federal Arbitration Act, 9 U.S.C. § 1 et seq. (2012), governs the contract.
8. **Contracts: States: Words and Phrases.** Contracts involving interstate commerce include contracts for services between parties of different states.
9. **Federal Acts: Contracts: Arbitration and Award: States.** The Federal Arbitration Act, at 9 U.S.C. § 2 (2012), preempts inconsistent state laws that apply solely to the enforceability of arbitration provisions in contracts evidencing a transaction involving commerce.

Appeal from the District Court for Dodge County: Geoffrey C. Hall, Judge. Reversed and remanded with directions.

Nicholas A. Buda, Steven D. Davidson, and Lindsay K. Lundholm, of Baird Holm, L.L.P., and, on brief, Thomas E. Johnson for appellants.

Douglas R. Novotny, of Novotny Law, L.L.C., for appellee.

Heavican, C.J., Cassel, Stacy, Funke, and Papik, JJ., and Schreiner, District Judge.

Cassel, J.

## INTRODUCTION

A nursing home resident filed suit for personal injuries against the facility and several of its employees. The defendants moved to dismiss and compel arbitration pursuant to an arbitration agreement signed by the resident at the time of admission. The district court declared that the arbitration agreement was void and unenforceable on state law grounds and for being contrary to public policy. Because the court erred in both respects, we reverse, and remand with directions.

## BACKGROUND

Mark Heineman filed a personal injury action against The Evangelical Lutheran Good Samaritan Society, doing business as Good Samaritan Society-Scribner, and several of its employees (collectively Evangelical Lutheran), for injuries he sustained as a resident at the Good Samaritan Society-Scribner nursing home. Heineman is a Nebraska resident and The Evangelical Lutheran Good Samaritan Society is a nonprofit North Dakota corporation with its principal place of business in South Dakota.

Evangelical Lutheran filed motions to dismiss or stay the proceedings and to compel arbitration pursuant to an arbitration clause within the admission agreement Heineman had signed before he was admitted as a resident in the nursing

home. The signature on the second page of the arbitration section was dated February 11, 2015.

The agreement included a "Resolution of Legal Disputes" section in which Heineman agreed to arbitrate "[a]ny legal controversy, dispute, disagreement or claim arising between the Parties" by checking a box next to, "YES I DO wish to arbitrate disputes and I received a copy of this Resolution of Legal Disputes." In addition to permitting the signor to either opt into or out of the arbitration clause, the contract stated that the agreement to arbitrate disputes was not a condition of admission or of continued stay. The arbitration agreement further provided: "This arbitration provision binds all parties whose claims may arise out of or relate to treatment or service provided by the center including any spouse or heirs of the Resident." And by signing the agreement, Heineman agreed that the "Resolution of Legal Disputes" provision shall be governed by and interpreted under the Federal Arbitration Act (FAA).[1]

The district court held two hearings on the motions to dismiss and compel arbitration. The hearings were conducted on affidavits, one at each hearing, offered by Evangelical Lutheran. They were substantially identical. Heineman did not offer any evidence.

After reviewing the language of the agreement, the court determined that the arbitration clause lacked "mutuality of obligation" by the parties. In doing so, the court relied on *De Los Santos v. Great Western Sugar Co.*[2] It further found the arbitration clause unenforceable for failure to strictly conform to the requirements of Nebraska's Uniform Arbitration Act (UAA).[3] Finally, it relied on 42 C.F.R. § 483.70(n)(1) (2017) to find that the federal government "has taken action to eliminate preemptory arbitration clauses in nursing care facility

---

[1] 9 U.S.C. § 1 et seq. (2012).

[2] *De Los Santos v. Great Western Sugar Co.*, 217 Neb. 282, 348 N.W.2d 842 (1984).

[3] Neb. Rev. Stat. § 25-2601 et seq. (Reissue 2016).

- 190 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
HEINEMAN v. EVANGELICAL LUTH. GOOD SAM. SOC.
Cite as 300 Neb. 187

contracts wherein the facility receives Medicaid funding." Consequently, it also found the arbitration clause to be void and unenforceable as contrary to public policy and overruled the motions.

Evangelical Lutheran appealed, and we moved the case to our docket.[4]

## ASSIGNMENTS OF ERROR

Evangelical Lutheran assigns that the district court erred in (1) failing to find that the arbitration clause was governed by the FAA, (2) finding that the arbitration clause was void and unenforceable under the UAA, (3) finding that the arbitration clause lacked mutuality of obligation between the parties, (4) finding that the arbitration clause was void and unenforceable on public policy grounds, and (5) failing to dismiss or stay the action and compel arbitration.

## STANDARD OF REVIEW

[1,2] Arbitrability presents a question of law.[5] When reviewing questions of law, an appellate court resolves the questions independently of the lower court's conclusions.[6]

## ANALYSIS

### "Mutuality of Obligation"

The district court found that the arbitration agreement lacked "mutuality of obligation," thereby making it unenforceable. We understand "mutuality of obligation" to be the equivalent of mutuality of consideration.[7]

---

[4] See Neb. Rev. Stat. § 24-1106(3) (Supp. 2017).

[5] *Citizens of Humanity v. Applied Underwriters*, 299 Neb. 545, 909 N.W.2d 614 (2018).

[6] *Frohberg Elec. Co. v. Grossenburg Implement*, 297 Neb. 356, 900 N.W.2d 32 (2017).

[7] See, Black's Law Dictionary 1179 (10th ed. 2014) (defining "mutuality of obligation"); Joseph M. Perillo, Calamari and Perillo on Contracts § 4-12 (6th ed. 2009).

The district court relied on *De Los Santos v. Great Western Sugar Co.*,[8] but the situation there was significantly different. There, the processing company promised to pay for transportation of sugar beets but only to the extent loaded on the contractor's trucks. In the absence of a specified quantity, the processing company had no obligation to use the contractor's services. Here, as we discuss below, the language of the agreement imposed reciprocal obligations.

Evangelical Lutheran argues that there was sufficient consideration and that both Evangelical Lutheran and Heineman were mutually bound by the arbitration agreement. It argues that the language of the agreement applies to "'any legal controversy, dispute, disagreement, or claim of any kind,' not just to claims brought by . . . Heineman."[9] Therefore, it contends that Evangelical Lutheran would also be required to submit its claims to arbitration pursuant to the agreement.

In response to this argument, Heineman argues that Evangelical Lutheran is not actually bound by the arbitration agreement. To support this response, he cites to county and district court cases outside of our record. He asserts that in those cases, Evangelical Lutheran filed suit against its residents without first attempting arbitration. And he asks us to take judicial notice of the complaints filed in those cases as *proof* of this lack of mutuality of obligation.

[3,4] But to expand the record in this fashion would be improper, because, generally, it is not the function of an appellate court to review evidence which was not presented to the trial court.[10] A bill of exceptions is the only vehicle for bringing evidence before an appellate court; evidence which is not made a part of the bill of exceptions may not be considered.[11]

---

[8] *De Los Santos v. Great Western Sugar Co., supra* note 2.

[9] Brief for appellants at 22.

[10] See, e.g., *U.S. v. Oatman*, 702 Fed. Appx. 478 (8th Cir. 2017).

[11] *In re Estate of Radford*, 297 Neb. 748, 901 N.W.2d 261 (2017).

- 192 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
HEINEMAN v. EVANGELICAL LUTH. GOOD SAM. SOC.
Cite as 300 Neb. 187

[5] It is true that we have held that an appellate court may take judicial notice of a document, including briefs filed in an appeal, in a separate but related action concerning the same subject matter in the same court.[12] But Heineman's request goes much further. Because we see no reason to expand this precedent, we overrule Heineman's motion to take judicial notice.

[6] And without the extraneous material, his argument collapses. Consideration is sufficient to support a contract if there is any detriment to the promisee or any benefit to the promisor.[13] In this case, the language of the arbitration agreement applies equally to claims brought by Heineman and by Evangelical Lutheran. Because both parties are subject to the same detriment and benefit as mutual promisees and promisors, consideration was sufficient. The district court erred in finding that the agreement was unenforceable for insufficient consideration or "no mutuality of obligation."

### APPLICABILITY OF FAA

Having determined that an enforceable arbitration agreement existed, we now turn to consider whether the arbitration clause was subject to the requirements of the FAA or UAA.

[7,8] If a contract containing an arbitration clause involves interstate commerce, the FAA governs the contract.[14] And we have held that contracts involving interstate commerce include contracts for services between parties of different states.[15] Here, there is no question that the admission agreement involved interstate commerce. Heineman conceded as much at oral argument, and the agreement itself stated that it was "a

---

[12] See, *Pennfield Oil Co. v. Winstrom*, 276 Neb. 123, 752 N.W.2d 588 (2008); *Jessen v. Jessen*, 259 Neb. 644, 611 N.W.2d 834 (2000).

[13] *City of Omaha v. City of Elkhorn*, 276 Neb. 70, 752 N.W.2d 137 (2008).

[14] See *Wilczewski v. Charter West Nat. Bank*, 295 Neb. 254, 889 N.W.2d 63 (2016).

[15] See *Frohberg Elec. Co. v. Grossenburg Implement, supra* note 6.

- 193 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
HEINEMAN v. EVANGELICAL LUTH. GOOD SAM. SOC.
Cite as 300 Neb. 187

transaction involving interstate commerce." Consequently, the FAA governs this contract.

[9] Because the FAA, at 9 U.S.C. § 2, preempts inconsistent state laws that apply solely to the enforceability of arbitration provisions in contracts evidencing a transaction involving commerce,[16] the arbitration agreement did not need to strictly comply with the language of the UAA. For this reason, the district court erred in finding the arbitration agreement void and unenforceable on UAA grounds.

## Public Policy

Lastly, we consider the district court's holding that the arbitration agreement was void and unenforceable as contrary to public policy. The only authority on which the court relied was a federal regulation[17] which provides that "[a] facility must not enter into a pre-dispute agreement for binding arbitration with any resident or resident's representative nor require that a resident sign an arbitration agreement as a condition of admission to the [long-term care] facility."[18]

However, this provision of the regulation did not become effective until November 28, 2016,[19] long after the date of the agreement in the case before us, which was signed on February 11, 2015. And the U.S. Supreme Court has made clear that retroactivity is not favored in the law and has held "administrative rules will not be construed to have retroactive effect unless their language requires this result."[20] Moreover, as Evangelical Lutheran points out, implementation

---

[16] See *Kremer v. Rural Community Ins. Co.*, 280 Neb. 591, 788 N.W.2d 538 (2010).

[17] 42 C.F.R. § 483.70.

[18] 42 C.F.R. § 483.70(n)(1).

[19] See Medicare and Medicaid Programs; Reform of Requirements for Long-Term Care Facilities, 81 Fed. Reg. 68,688 (Oct. 4, 2016).

[20] *Bowen v. Georgetown University Hospital*, 488 U.S. 204, 208, 109 S. Ct. 468, 102 L. Ed. 2d 493 (1988).

of the regulation has been enjoined by a federal court.[21] Thus, Heineman's public policy argument rests on retroactive application of a federal regulation, which has no plain language mandating retroactivity and which has been enjoined by a federal court from being placed into effect. At oral argument, Heineman conceded that neither the U.S. Congress nor the Nebraska Legislature had enacted legislation encompassing the public policy articulated in the enjoined regulation. We decline his invitation to impose such a policy based upon the "common law." The district court erred in using the regulation as a basis to conclude that the agreement was void and unenforceable.

## CONCLUSION

Because the arbitration agreement was valid and enforceable and governed by the FAA, the district court should have sustained the motions to dismiss and compel arbitration. But, in sustaining the motions, the district court could exercise its discretion to stay rather than dismiss the case.[22] Accordingly, we reverse the district court's order and remand the cause with directions that the court enter an order compelling arbitration pursuant to the agreement and either dismissing or staying the action.

REVERSED AND REMANDED WITH DIRECTIONS.

MILLER-LERMAN, J., not participating.

---

[21] *American Health Care Association v. Burwell*, 217 F. Supp. 3d 921 (N.D. Miss. 2016), *appeal dismissed* ___ F.3d ___ (5th Cir. June 2, 2017).

[22] See *Wilczewski v. Charter West Nat. Bank, supra* note 14.